# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| United States of America, ) | Criminal Action No. 1:15-cr-00637-JMC-1 |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Damonion McKinzie Bing, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant Damonion McKinzie Bing ("Bing") is a prisoner currently serving a sentence of one hundred twenty (120) months in the Bureau of Prisons ("BOP"). (ECF No. 299.)

This matter is before the court on Bing's *pro se* Motion for Release under 18 U.S.C. § 3582.[1] (ECF No. 431.) Specifically, Bing requests a sentence reduction to allow him to serve the remainder of his sentence in home confinement. (*Id.* at 1.) For the reasons set forth below, the court **DENIES** Bing's Motion for Release.[2]

## I.     RELEVANT BACKGROUND TO PENDING MOTION

Bing is a forty-three (43) year old African-American male currently housed at the FCI Williamsburg Camp, located in Salters, South Carolina. (ECF No. 433.) On August 11, 2016, the court sentenced Bing to one hundred twenty (120) months in the BOP following his conviction for

---

[1] Motions under this section have been called motions for "compassionate release." *See Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited July 6, 2020). "The compassionate release provisions were . . . intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Pack*, No. 2:17-cr-20002-10, 2020 WL 2174447, at *1 (W.D. Tenn. May 4, 2020) (citation omitted).

[2] The court has construed Bing's Motion for Home Confinement as a request for compassionate release based on his illnesses and alleged susceptibility to COVID-19. Thus, his request is being pursued under 18 U.S.C. § 3582(c)(1)(A).

conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (ECF Nos. 3 at 1–2, 299.) Bing did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

Bing alleges that he submitted an initial request for release to camp administrators in April 2020, but the case manager never submitted his paperwork to the BOP. (ECF No. 431.) On May 25, 2020, Bing submitted a request form to the BOP; however, the warden denied Bing's request stating that he did not meet the criteria for transfer to home confinement. (*Id*. at 3.) On June 9, 2020, Bing submitted another request form asking for the warden to sign his first request because the warden failed to do so. (*Id*. at 2.) There was no reply from the warden. (*Id*.)

On June 18, 2020, Bing filed this Motion seeking home confinement because of his health, including high blood pressure, bronchitis, obesity, weak immune system, and nerve conditions. (ECF Nos. 431 at 1, 433 at 5.) Bing avers that his medical conditions increase his susceptibility to the COVID-19 virus. (ECF No. 431 at 1.) Bing alleges that he is not a risk to the public if released. (*Id*.) He asserts that he would face serious and unavoidable health problems if he were to remain incarcerated for the remainder of his sentence due to his underlying health issues. (*Id*.)

## II.     LEGAL STANDARDS

A. Administrative Exhaustion

"A sentencing court does not have inherent authority to modify an otherwise valid sentence." *United States v. Pack*, No. 2:17-cr-20002-10, WL 2174447, at *1 (W.D. Tenn. May 4, 2020) (citation omitted). A [defendant] may bring a motion to modify his sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of [thirty] (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Accordingly, a person seeking a compassionate release is generally required to exhaust his administrative remedies prior to bringing a motion before the district court. *Id*. However, the exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *See United States v. Poulios*, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020); *see also United States v. Crawford*, No. 2:03-cr-10084, 2020 WL 2537507, at *1 (W.D. Va. May 19, 2020) (finding that the exhaustion requirement has been waived where defendant had not fully exhausted his administrative remedies).

   B. <u>The Compassionate Release Standard</u>

As amended by the First Step Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors if there are "extraordinary and compelling reasons" that warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the Sentencing Commission directs courts to consider whether a defendant poses "a danger to the safety of any other person or to the community," before granting a compassionate release. *United States v. Gomez*, No. 2:18-cr-01435-1, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (quoting U.S.S.G § 1B1.13). Courts should assess factors under 18 U.S.C. § 3142(g) to determine whether a defendant is dangerous to the safety of others or the community. *United States v. Ennis*, EP-02-cr-1430-PRM-1, 2020 WL 2513109, at *7 (W.D. Tex. June 17, 2020). These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id*. However, these are mere suggestions and do not bind a court's application of 18 U.S.C. § 3582(c)(1)(A)(i). *McCoy*

*v. United States*, No. 2:03-cr-197, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 15-cr-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he court may independently evaluate whether the petitioner has raised an extraordinary and compelling reason for compassionate release . . . ."). In sum, the court may consider a combination of factors, including but not limited to those listed in U.S.S.G § 1B1.13, to evaluate a defendant's request for a sentence modification under 18 U.S.C § 3582(c)(1)(A)(i).

### III.    ANALYSIS

A. <u>Exhaustion of Administrative Remedies</u>

Upon its review, the court finds that it must deny this request because Bing failed to exhaust all of his administrative remedies before filing the instant Motion. Bing filed his request with the BOP on May 25, 2020, and the warden denied the request for failing to meet the BOP's criteria of serving at least 50% of his sentence. (ECF Nos. 431 at 3; 433 at 5.) Bing did not appeal the warden's decision through the administrative remedies of the BOP. Instead, Bing submitted another request on June 9, 2020, seeking the warden's signature for the first request. (ECF No. 318 at 2.) The warden did not respond to the second request. (*Id*.) Because Bing failed to appeal the denial of his request under § 3582(c)(1)(A), the court lacks authority to grant a sentence reduction under that provision. *See United States v. Johnson*, No. 14-cr-0441, 2020 WL 1663360, at *6 (D. Md. Apr. 3, 2020) (noting that "[u[ntil [the administrative exhaustion] requirements are satisfied, the Court lacks jurisdiction to entertain [a 3582(c)(1)(A) m]otion"); *see also United States v. Kubinski*, No. 3:93-cr-28-1H, 2020 WL 2475859, at *2 (E.D.N.C. May 13, 2020). However, the court will consider whether other reasons for the relief are appropriate.

B. <u>Compassionate Release</u>

A defendant must bear the burden of proof before a court can grant a compassionate release

4

motion. *Cf. United States v. Beck*, 425 F. Supp. 3d 573, 578 (M.D.N.C. 2019). The court may modify the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In light of COVID-19, courts have construed this pandemic and the resulting severe illnesses as "extraordinary and compelling." *E.g.*, *United States v. Salvagno*, No. 5:02-cr-51, 2020 WL 3410601, at *27 (S.D.N.Y. Apr. 23, 2020).

Here, Bing asserts that he is susceptible to COVID-19 due to his health issues, which provides the "extraordinary and compelling" reasons that warrant his compassionate release. (ECF No. 431.) Bing states that he has a history of high blood pressure, bronchitis, obesity, weak immune system, and a nerve condition with his hip. (ECF Nos. 431, 433.) According to the CDC guidelines, the following conditions and risk factors place individuals at high risk for the severe COVID-19 illness: asthma, chronic lung disease, COPD, chronic bronchitis, diabetes, serious heart conditions, chronic kidney disease, severe obesity, liver disease, being immunocompromised, over the age of sixty-five (65), and being in a nursing home or long-term facility.[3] The court is sympathetic to Bing's health conditions and notes that his obesity, weak immune system, and bronchitis meet three of the risk factors that increase his sensitivity to COVID-19. However, Bing has not provided documentation of any medical evaluation of his medical history. Accordingly, the court looked to the Presentence Investigation Report (July 8, 2016) for his medical history, and Bing described his overall "physical health as good," but stated that he suffers from high blood pressure. (ECF No. 292 at 14.) Bing further noted that he was not under medical care and did not take any prescribed medications for his blood pressure. (*Id.*) Therefore, the court finds that Bing fails to present "extraordinary and compelling" reasons for his release to home confinement.

---

[3] Centers for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, updated June 25, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited July 7, 2020).

## IV.    CONCLUSION

Upon careful consideration of the record, the court hereby **DENIES WITHOUT PREJUDICE** Defendant Damonion McKinzie Bing's Motion for Compassionate Release under 18 U.S.C. § 3582. (ECF No. 431.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 17, 2020
Columbia, South Carolina